UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER KIRK,

        Plaintiff,                        CIVIL ACTION NO. 07-CV-14146-DT

vs.

                                             DISTRICT JUDGE PAUL D. BORMAN

MICHAEL KULWICKI,           MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** The Motion to Dismiss filed by Defendants Cacicedo and the City of Madison Heights on December 18, 2007 (docket no. 14) should be **DENIED**.

## REPORT:

### I.    FACTS AND PROCEDURAL HISTORY

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. (Docket no. 1). Plaintiff alleges that Defendants violated his federal constitutional rights by using excessive force in effecting his arrest and by limiting his access to the courts. (*Id.*). Defendants Richard Cacicedo and the City of Madison Heights filed a Motion to Dismiss. (Docket no. 14). They contend that Plaintiff's action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff filed his Complaint after the three-year statute of limitation period had expired. (*Id.*). Plaintiff has responded to Defendants' motion. (Docket nos. 18, 19). Defendants have filed a Reply brief. (Docket no. 20). All pre-trial matters have been referred to the undersigned for decision. (Docket no. 17). The Court dispenses with oral argument on this motion pursuant to E.D. Mich. LR 7.1(e). The Motion to Dismiss is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

Defendants contend that Plaintiff's causes of action accrued on September 27, 2004 when he was shot by Defendant Kulwicki as he attempted to evade arrest. (Docket no. 14 at 6). They also contend that Plaintiff filed his Complaint on October 1, 2007, just outside of the applicable three-year statute of limitation period. (*Id*.). Therefore, they argue that Plaintiff's claims must be dismissed.

Plaintiff argues that the filing of his Complaint was timely under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988) (notice of appeal of pro se prisoner deemed "filed" on date notice is deposited in prison mailbox for forwarding to clerk of court). Plaintiff also relies upon *Richard v. Ray*, 290 F.3d 810 (6th Cir. 2002) in which the Sixth Circuit extended the *Houston v. Lack* mailbox rule to "civil complaints filed by pro se petitioners incarcerated at the time of filing." *Richard*, 290 F.3d at 813. Plaintiff states in his affidavit that he delivered his Complaint and request to proceed *in forma pauperis* to a prison official for mailing to this Court's clerk of court on September 26, 2007 at 3:40 p.m. (Docket no. 19 at 1). Plaintiff therefore contends that his "filing" date is this date, September 26, 2007, rather than the October 1, 2007 date stamped on the face of his Complaint. Because his statute of limitation period did not expire until September 27, 2007, Plaintiff argues that he filed his Complaint before his statute of limitation period expired.

## II.     STANDARD OF REVIEW

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's Complaint. (*Id*.). The Court does not have to accept as true legal conclusions or

unwarranted factual inferences, however. (*Id.*).

## III. ANALYSIS

The question in this case is whether the "prison mailbox rule" applies to Plaintiff's Complaint. It is undisputed that Plaintiff was a prisoner at the time, that he is proceeding *pro se*, and that the applicable limitation period is three years. *See Mich. Comp. Laws* § 600.5805(10) (3-year limitation period for personal injury actions); *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988) (appropriate statute of limitation for section 1983 actions is state limitation period governing actions for personal injury). In addition, it is undisputed that Plaintiff's cause of action for excessive force accrued on the day he was shot, September 27, 2004.[1] Therefore, Plaintiff's statute of limitation expired on September 27, 2007. *See Merriweather v. City of Memphis*, 107 F.3d 396, 398-400 (6th Cir. 1997) (generally, 1-year statute of limitation period ends on same calendar date the following year). If the prison mailbox rule applies, Plaintiff has shown by his affidavit that he "filed" his Complaint on September 26, 2007, before his limitation period expired. (Docket no. 19).

In the Sixth Circuit the prison mailbox rule applies to civil complaints in actions filed pursuant to 42 U.S.C. § 1983. *Richard*, 290 F.3d at 812; *Scott v. Evans*, 116 Fed. App'x 699, 701 (6th Cir. 2004). A prisoner's section 1983 civil complaint is therefore considered "filed" for statute of limitation purposes when he deposits both his complaint and IFP request in the prison mail system to be forwarded to the Clerk. *Scott*, 116 Fed. App'x at 701. Under this authority Plaintiff filed his Complaint on September 26, 2007 when he gave it to the prison official for forwarding to the clerk

---

[1] Plaintiff's claim that Defendants violated his First Amendment right of access to the courts by failing to properly record the events of that day and to preserve evidence may accrue at a later date but would not have accrued prior to September 27, 2004.

of court, and it was filed within the statute of limitation period.

Defendants have not cited any federal court cases or other federal authority under which Plaintiff's Complaint would be considered untimely. They rely on a decision by the Michigan Court of Appeals holding that the prison mailbox rule of *Houston v. Lack* does not apply to a prisoner's petition for review filed in the state circuit court seeking review of an administrative finding of the Department of Corrections. *Walker-Bey v. Department of Corrections*, 564 N.W.2d 171 (Mich. Ct. App. 1997). That decision is based on Michigan state law. The court specifically distinguished *Houston v. Lack* as a decision "based upon an interpretation of a federal statute and court rules that are not applicable in this case." (*Id*. at 172 n.1). This Court similarly concludes that as a federal court it must follow the relevant federal authority rather than the decision in *Walker-Bey* which is based on state law. The prison mailbox rule applies to Plaintiff's Complaint and under that doctrine Plaintiff's Complaint was filed within the limitation period. Defendants' Motion to Dismiss should therefore be denied.

## IV. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*,

829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: February 25, 2008          s/ Mona K. Majzoub
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Roger Kirk and Counsel of Record on this date.

Dated: February 25, 2008          s/ Lisa C. Bartlett
                                           Courtroom Deputy