UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER KIRK,

      Plaintiff,              CIVIL ACTION NO. 07-CV-14146-DT

vs.

                                    DISTRICT JUDGE PAUL D. BORMAN

MICHAEL KULWICKI,        MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

      Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

This matter comes before the Court on Plaintiff's Motion to Compel filed on March 17, 2008. (Docket no. 24). The Madison Heights Defendants, to whom the Motion to Compel is directed, have filed a Response. (Docket no. 27). Pretrial matters have been referred to the undersigned for decision. (Docket no. 17). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants used excessive force against him by shooting him. (Docket no. 1). At issue in this motion are five requests to produce served by Plaintiff upon Defendants. The Court will address each discovery request below.

-1-

**1.      Request to Produce No. 8**

Plaintiff asked in this Request that Defendants produce a copy of all documents generated as part of the formal investigation conducted into whether the September 27, 2004 shooting of himself involved excessive force.[1]  Defendants objected based on the deliberative process privilege as to any evaluative material responsive to this request.  Plaintiff states in his Motion that he would be satisfied if Defendants redacted any such evaluative material such as summaries of why the police department found that no excessive force was used.  (Docket no. 24 at 2).  The deliberative process privilege protects only such evaluative material from discovery.  *See Lewis v. City of Detroit*, 234 F.R.D. 157, 160 (E.D. Mich. 2006).  The privilege does not extend to the facts upon which an agency's decisions are based.  (*Id*.).  Accordingly, Defendants will produce to Plaintiff a version of the responsive documents with any evaluative material redacted.  Defendants shall also redact any personal information of the officers or any other individual referred to in the documents such as addresses and phone numbers.  Defendants request that the Court review this material *in camera* before it is produced.  The Court declines this offer, but Defendants must submit to chambers copies of their responsive documents with the redacted material highlighted or otherwise identified so that the Court may discern both the information provided to Plaintiff and the redacted information.

**2.      Request to Produce No. 20**

Plaintiff asked in this Request for Defendants to produce copies of all complaints, investigations, and reports involving claims of excessive force by Defendant Cacicedo.  Defendants objected claiming that the request is overly broad, unduly burdensome, and seeks irrelevant information.  Defendants consent to an *in camera* review of the material.  Again, Plaintiff does not

---

[1] The parties did not submit copies of the discovery requests or of the responses.  Therefore, the Court relies upon the parties' descriptions of the requests in the motion and briefs.

object to redaction of the summaries of why excessive force was not found. Defendant Cacicedo is one of the officers whom Plaintiff alleges shot into his vehicle on the day in question. (Docket no. 1). Defendants' objections are boilerplate objections and are not supported. Defendants will therefore produce documents responsive to this request in the same manner as for Request No. 8 above. Defendants must also provide copies to chambers as directed for Request No. 8.

**3.    Request to Produce No. 22**

This Request seeks the same documents as Request no. 20 above, concerning claims of excessive force, but for Defendant Kulwicki. Defendants objected based on the same grounds as for Defendant Cacicedo. Defendant Kulwicki is the other officer that Plaintiff claims fired shots into his vehicle and later directly at him. (Docket no. 1). As above, the Court finds no merit in Defendants' objections. They will be ordered to respond in the same manner as for Request No. 20 and to deliver copies to chambers.

**4.    Requests to Produce Nos. 25 and 26**

These two Requests to Produce seek copies of the list of decision-makers in the Madison Heights Police Department who on September 27, 2004 possessed final policy making authority, and those who between September 27, 2001 and December 1, 2004 possessed final policy making authority with regard to the department's shooting policy, respectively. Defendants objected on the grounds that the requests are vague and ambiguous and may seek irrelevant information. Plaintiff concedes that Defendants stated that Chief Kevin Sagan of the police department is the final decision-maker for the City of Madison Heights Police Department. He apparently believes that Defendants failed to state with sufficient clarity that Chief Sagan was the decision maker for the times stated in the Requests. Defendants argue that they admitted that Chief Sagan "served/serves"

as the final decision making authority for the police department. (Docket no. 27 at 4). Defendants will be ordered to amend their response to these Requests to specifically identify the relevant decision maker for the specified times.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (docket no. 24) is **GRANTED IN PART** to the extent that Defendants are ordered to produce documents responsive to Plaintiff's Request to Produce nos. 8, 20, 22, 25 and 26 as directed above on or before May 8, 2008, and to provide copies to Chambers as directed above for Request nos. 8, 20 and 22, and is otherwise **DENIED**.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: April 24, 2008        s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Roger Kirk and Counsel of Record on this date.

Dated: April 24, 2008        s/ Lisa C. Bartlett
                             Courtroom Deputy